**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**Judy Ward SMITH, Respondent.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Rehearing Denied May 4, 1973.

Henry H. Harned, Director, Leslie Whitmer, Kentucky State Bar Assn., Frankfort, Frank Coryell, Louisville, for complainant.

Judy Ward Smith pro se.

PER CURIAM.

This proceeding is the result of a charge instituted against the respondent, Judy Ward Smith, an attorney, by the Kentucky State Bar Association for disciplinary action as the result of her conduct in the handling of an estate on behalf of her client, Sally Fugate.

Also arising out of this matter were three criminal charges against respondent, to wit: (1) Obtaining money under false pretenses, (2) forgery, (3) removing documents from official files. These three charges were disposed of in a plea-bargaining process wherein respondent entered a plea of guilty to the charge of attempting to commit an offense under the laws of the Commonwealth as provided under KRS 431.065. She was sentenced to twelve months in the county jail.

The factual background of what transpired and culminated in the indictments and these disciplinary proceedings is somewhat lengthy and tortuous. However, we will attempt to state it in an abbreviated form.

Respondent, a practicing attorney in Perry County Kentucky, in the years of 1969 and 1970, represented Mrs. Sally Fugate, mother of Everett Fugate who died intestate without issue, leaving as his heirs his mother Sally and his wife Odessa Fugate Jones. One of the assets of the estate was a house and lot to which the mother desired to acquire title. To this end she sought the services of respondent. A deed was prepared in respondent's office, which purported to be a judicial deed. This deed was filed in the Perry County Court Clerk's office and later illegally removed from the records. It bore what purported to be the signature of the circuit judge. For the services rendered and as consideration for the settlement of the estate, Sally Fugate issued her check on the Citizens State Bank of Hazard, Kentucky, in the

amount of $632.72 to respondent as escrow agent. Respondent's signature appears on the back of this check indicating that she endorsed it when it was cashed.

It developed as a fact in the case that there had been a suit filed in Perry Circuit Court to settle the estate with no steps taken since the institution of the action. The circuit judge had ordered no deed and had signed no deed. Odessa Fugate Jones had not agreed personally or through her attorney to any settlement of the estate. She received no portion of the funds paid by Sally Fugate to respondent as her attorney. In short, the following crimes had been committed. Sally Fugate had been swindled out of $632.72. The signature of the circuit judge, Don A. Ward, had been forged to a fraudulent court deed, which had been placed on record in the county clerk's office. This same deed had been removed from the records of the county clerk's office. Respondent's defense to this entire matter consisted of a denial that she had anything whatsoever to do with it. In fact, she denies any knowledge of the transaction and asserts that at the time it all took place her husband, who was not a lawyer, was suffering from a brain tumor and was irresponsible and that he more than likely performed all of the acts that are attributed to her.

Her contentions are refuted by the sworn testimony of a large number of witnesses. Sally Fugate testified that respondent prepared all of the papers in question including the check and that the check was delivered to respondent. Rosie Stacy, daughter of Sally Fugate, accompanied her to respondent's office and was present when the check was made out and witnessed the entire matter. Marilyn Burke served as respondent's secretary during the time that the papers in question were being prepared. Also, there is unequivocal testimony in the record by a handwriting expert that the writings involved, without

question, are those of respondent. An examination of the writings by this court when compared with the known writing of respondent reveals without question that she prepared the documents. Therefore, in addition to the crimes already committed, an examination of this record shows conclusively that respondent has committed perjury in her attempt to extricate herself from these charges. Even though the Bar Association has recommended a lesser penalty this court feels that it has no alternative under the circumstances but to disbar respondent permanently from the practice of law in this Commonwealth. Even though we have previously held that once an attorney is adjudged guilty of a felony or a misdemeanor involving dishonesty as defined in Cotton v. Commonwealth, Ky., 454 S.W.2d 698 the Trial Committee and Board of Governors should not consider testimony which reinquires into the issue of guilt, it has not been held that they cannot and should not examine the facts out of which a plea of guilty is entered. It is true that if the defendant pleads guilty to a reduced charge he cannot later insist that he was not guilty of the charge for which he was convicted. In Re Rudd, 310 Ky. 630, 221 S.W.2d 688; In Re Shumate, Ky., 382 S.W.2d 405; In Re Carroll, Ky., 406 S.W.2d 845. However, this does not mean that the Board or Trial Committee in its investigative capacity cannot look behind a plea of guilty especially where plea bargaining is involved in order to determine just what facts the defendant is or was guilty of.

As previously stated, the Trial Committee and Board of Governors recommended a lesser punishment than we are here inflicting. Apparently they were somewhat impressed by the fact that respondent's actual conviction was for a misdemeanor and not a felony. We are not so impressed. The offenses are multiple; they are too serious in nature and reflect a degree of dishonesty totally abhorrent to all principles enunciated in the code of ethics of the legal profession.

We, therefore, order and adjudge that the respondent, Judy Ward Smith, be permanently disbarred from the practice of law in the Commonwealth of Kentucky.