**The PEOPLE of the State of Colorado, Complainant,**

v.

**Judith Ward Smith MATTOX, Attorney-Respondent.**

**No. 81SA251.**

Supreme Court of Colorado,
En Banc.

Jan. 18, 1982.

Philip A. Harley, Deputy Disciplinary Prosecutor, Denver, for complainant.

Ireland, Stapleton & Pryor, P. C., Tucker K. Trautman, Margaret L. Toal-Rossi, Denver, for attorney-respondent.

ROVIRA, Justice.

The respondent, Judith Ward Smith Mattox, was charged in a five-count complaint with violating Rules 204, 241B, and 257, C.R.C.P., and various sections of the Code of Professional Responsibility. Counts 1, 3, and 4 were dismissed by the Supreme Court Grievance Committee. Count 2 alleged that the respondent pleaded guilty to a misdemeanor offense in Kentucky in 1970, and Count 5 alleged that respondent failed to advise the Supreme Court of Colorado of her misdemeanor conviction and disbarment in Kentucky prior to the time she was admitted to practice in Colorado on December 3, 1973.

The Grievance Committee concluded that the respondent was in violation of Rule 241B, C.R.C.P., DR 1–102(A)(4) and (5), and DR 1–101(A) and recommended that she be suspended from the practice of law for three years.

The respondent filed exceptions to the findings, conclusions, and recommendation of the Grievance Committee. Our examination of the record leads us to conclude that the findings and conclusions are supported by clear and convincing evidence, but we believe that suspension from the practice of law for one year is the more appropriate discipline.

A brief summary of respondent's activities which resulted in the grievance proceeding will be sufficient.

Respondent was admitted to practice law in Kentucky in 1967. In February 1970 she was charged in a three-count indictment with obtaining money under false pretenses, forgery, and unlawful removal of documents from a court file.

On May 14, 1970, the charges were dismissed upon her entering a plea of guilty to the misdemeanor offense of attempt to commit a felony, for which she received a sentence of twelve months' probation.

In March 1971 the Kentucky State Bar Association charged respondent with unethical and unprofessional conduct based upon her plea of guilty to a misdemeanor and requested that discipline be administered in accordance with the rules of the Court of Appeals of the State of Kentucky.

Approximately one year later, the Trial Committee of the State Bar Association concluded that respondent's conduct violated a lawyer's ethical obligations and involved moral turpitude. Subsequently, the Board of Governors upheld the finding of its Trial Committee and recommended to the Kentucky Court of Appeals that respondent be suspended from the practice of law for six months.

In July 1972 the Kentucky Court of Appeals issued a show cause order to respondent advising her of the recommendation of the Board of Governors and commanding her to file a response if she had any reason why the recommendation of the Board of Governors should not be enforced by the Court. Respondent filed a response within the prescribed time.

On February 2, 1973, the Kentucky Court of Appeals issued an opinion disbarring the respondent:[1] *Kentucky State Bar Ass'n v. Judy Ward Smith*, 492 S.W.2d 880 (Ky. 1973). Contending that she was denied due process of law, respondent applied for a Writ of Certiorari to the United States Supreme Court which was denied.

On January 21, 1970, a few days before the Kentucky indictment was returned, the respondent filed an application to take the Colorado bar examination in which she stated that she had never been arrested, charged with, or convicted of a crime nor charged with unethical or immoral conduct or subjected to disciplinary action. On that date, those statements were true.

In February 1970 respondent took the bar examination but, having returned to Kentucky to respond to the criminal charges filed against her, did not take the oath of admission to practice in Colorado until some three and a half years later.

On December 3, 1973, ten months after her disbarment in Kentucky, the respondent presented herself at the Colorado Supreme Court Clerk's Office and requested that she be given the oath of admission to practice law. At that time, she did not advise the Clerk or the Justice of the Colorado Supreme Court who administered the oath of the Kentucky misdemeanor conviction or disbarment, and the oath of admission was given to her. Subsequently, the Kentucky proceedings were brought to light, and a complaint was filed against the respondent.

Respondent testified at the Grievance Committee hearing that in the fall of 1973 she sent a letter to the Clerk of the Colorado Supreme Court advising him of the Kentucky proceedings and requesting information as to how to proceed. She could not produce a copy of her letter, the Clerk was unable to locate such a letter in the court files, and respondent received no reply from the Clerk.

Respondent admits that upon failing to receive a reply she did not again raise the issue at the time she took the oath of admission or subsequently. She now urges that this was an error in judgment, but not conduct which rises to the level of fraud, deceit, misrepresentation, and dishonesty.

The Grievance Committee concluded that the respondent did not send a letter to the Clerk in 1973, and we agree with that conclusion. It strains the imagination to believe that the respondent, who at the time of her admission in Colorado had been admitted to practice law for six years, been a law professor for one year, and had been the subject of disciplinary proceedings could believe that she would be admitted in Colorado without any questions or investigation if her letter had been received disclosing her disbarment in Kentucky and conviction of a misdemeanor.

---

1. The Grievance Committee concluded that the order of disbarment violated respondent's constitutional rights and therefore it was not bound by the imposition of the discipline meted out by the Kentucky Court of Appeals. We do not find it necessary to consider this issue in view of our resolution of this proceeding.

The Grievance Committee also determined that although the Colorado rules in effect in 1970 did not require formal updating of an applicant's moral qualifications, the affidavit was a continuing one which did, in fact, require updating, and the respondent deliberately concealed from the Court that which she was obligated to disclose.

The Committee found the respondent in violation of Rule 241B based upon her misdemeanor conviction in Kentucky; DR 1–102(A)(4) and (5) for failure to disclose the fact that she had been convicted of a misdemeanor and disbarred; and DR 1–101(A) for failure to disclose a material fact in connection with her application for admission to practice law in Colorado.

We agree with the conclusion of the Grievance Committee that the respondent's misdemeanor conviction in Kentucky was cause for discipline pursuant to C.R.C.P. 241B(3) and that her failure to disclose the conviction and her subsequent disbarment constituted conduct involving fraud, deceit, and misrepresentation prejudicial to the administration of justice. DR 1–101(A), DR 1–102(A)(4) and (5).

The hearing panel of the Grievance Committee recommended that the respondent be suspended from the practice of law for three years and that she be assessed the cost of the proceedings. This recommendation is advisory only, and it is incumbent upon us to exercise our independent judgment, taking into consideration the facts, circumstances, and background of the lawyer, to increase or decrease the recommended sanction. *People v. Berge*, Colo., 620 P.2d 23 (1980); *People v. Susman*, 196 Colo. 458, 587 P.2d 782 (1978).

The standards for and purpose of lawyer discipline have been stated by this court on numerous occasions and need not be repeated. *See People v. Berge, supra; People v. Susman, supra.*

Determining the sanction which should be imposed in this case is difficult. Since 1973 the respondent has practiced law in both Colorado Springs and Denver without any disciplinary charges being filed against her. Her reputation for honesty and veracity since her admission has been testified to by members of the bench and bar. She has undertaken *pro bono* representation of various groups and performed legal services on a reduced fee basis.

The Grievance Committee recognized that the respondent had developed into a competent attorney, but nevertheless was of the opinion that her misconduct in 1973 merited discipline and recommended that she be suspended for three years. We agree that discipline is warranted but, in our view, believe that a one-year suspension is the more appropriate discipline and now order such suspension beginning thirty days from the date of issuance of this opinion. In addition, the respondent shall pay the costs of $146.91 to the Clerk of this Court within thirty days.

ERICKSON, J., does not participate.