**In the Matter of the Suspension of Judith Ward Smith MATTOX, Attorney.**

**No. 82–DP–4.**

United States District Court, D. Colorado.

July 19, 1983.

## ORDER DENYING APPLICATION FOR REINSTATEMENT

Before FINESILVER, C.J., and KANE and CARRIGAN, JJ., sitting as the Disciplinary Panel.

KANE, District Judge.

This matter is before us on the application of Judith Ward Smith Mattox for readmission to the bar of this court. We submitted the application to the Committee on Conduct for investigation and directed that a full report be submitted to us.

No useful purpose would be served repeating the facts reported in published opinions. *See People v. Mattox,* 639 P.2d 397 (Colo.1982) and *Kentucky State Bar Association v. Smith,* 492 S.W.2d 880 (Ky. 1973). Suffice it to say that the applicant was disbarred in the State of Kentucky. Ten months after her disbarment, she presented herself at the office of the Clerk of the Supreme Court of Colorado and requested that she be administered the oath of admission to practice law in Colorado. She did not advise the clerk or the justice who administered the oath of the Kentucky disbarment. After gaining admission in this manner, the Kentucky proceedings became known to the Supreme Court of Colorado and a complaint was filed against her.

During the hearing before the Supreme Court Grievance Committee, the applicant gave testimony that was rejected as not credible by the committee. This finding was adopted by the Supreme Court which held that Ms. Mattox' failure to disclose the conviction and subsequent disbarment in Kentucky constituted conduct involving fraud, deceit, and misrepresentation prejudicial to the administration of justice. The court further held that the applicant's misdemeanor conviction in Kentucky was cause for discipline. The opinion, however, does not reach a conclusion about the legal effect of the finding of incredulity of the applicant's sworn testimony at the committee hearing as it relates to her present fitness to practice law.

On January 18, 1982 the Supreme Court of Colorado issued an order suspending the applicant from the practice of law in the State of Colorado for a period of one year beginning February 17, 1982. In accordance with the Local Rules of Practice of this court, an order was entered on January 29, 1982 suspending the applicant from membership in this bar. The order was based on the action taken by the Supreme Court of Colorado. It provided that the suspension would be for an indefinite period of time and until the further order of this court. Ms. Mattox was reinstated by the Supreme Court of Colorado on February 23, 1983. Based on that reinstatement order, on the following day, Ms. Mattox applied for readmission to the bar of this court.

On March 4, 1983 the application was referred to our Committee on Conduct for investigation and recommendation. On June 27, 1983 after a thorough investigation, the committee submitted a fully documented report consisting of thirteen pages of text with numerous attached exhibits and case reports. We are satisfied with the content and quality of the report. After careful review and joint deliberation we deny the application.

Admission to the bar of this court is governed by Rule 1 of the Local Rules of Practice. Among other requirements, the rule limits membership to applicants of

good moral character and requires all members to be bound by the Code of Professional Responsibility adopted by the Supreme Court of Colorado (as amended) with certain specific modifications necessitated by federal practice which are not relevant to the present application.

Our review of the committee's report and its several attachments demonstrates to us that this applicant engages in recurrent episodes of dissimulation; that she is incapable of candor and that her explanations of questionable conduct even when under oath amount at best to an insouciant disregard for accuracy and consistency. We therefore determine that the applicant's membership in this bar is neither needed nor deserved.

In denying this application we maintain our great respect and esteem for the decisions and authority of the Supreme Court of Colorado. This action should not be interpreted by anyone as a criticism of the decision of that court. On the contrary, the reasons for employing different criteria in maintaining discipline between the bar of a state which authorizes the general practice of law and the bar of a court of limited jurisdiction should be obvious. While both courts have an abiding concern for the maintenance of the highest standards of ethics and professional responsibility on the part of those attorneys who comprise the bar, the Supreme Court of Colorado must concern itself as well with the rights of members of its bar to sustain a livelihood. The United States District Court, however, is a court of limited jurisdiction. Practice in this court constitutes only a part of the overall practice of law; most lawyers admitted to practice in the State of Colorado do not practice in the federal courts.

As we said in *In The Matter of Awenius, Attorney,* (Disciplinary Action No. 81–DP–1), ". . ., it is to be remembered that standards of practice and rules of procedure in courts of limited jurisdiction must be rigidly and vigorously enforced." The only reason for membership in the bar of this court is to engage in litigation before our District Judges, Bankruptcy Judges and United States Magistrates. Because of the demands of federal practice, the volume of documents and case files confronting each judge and the vicissitudes and complexity of federal legislation, a high degree of trust and reliance must be reposed in the members of this bar. Other courts, of course, also rely heavily on the trustworthiness and honor of the bar. In this court, however, such reliance is indispensable to the very functioning of the court. Acts of counsel which indicate incompetence or insensitivity to ethical imperatives cannot be tolerated. Attorneys who practice as members of this bar must therefore perform according to the highest traditions of the profession under exceedingly exacting conditions. Such behavior, in a manner of speaking, must be second nature to them. Our careful review of the record leads us to conclude that this applicant does not meet these standards and, therefore, her application for readmission is hereby denied.