The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Dale GILSON,
Attorney–Respondent.

No. 88SA455.

Supreme Court of Colorado,
En Banc.

Sept. 18, 1989.

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Denver, for complainant.

Richard Dale Gilson, Aurora, pro se.

Justice VOLLACK delivered the Opinion of the Court.

In this disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee recommended to this court that the attorney-respondent, Richard Dale Gilson, be suspended from the practice of law for two years. The panel also recommended that the costs of these proceedings be assessed against the respondent. We accept these recommendations and order the respondent suspended from the practice of law for two years.

I.

The attorney-respondent, Richard Dale Gilson (Gilson or the respondent), was admitted to the bar of the Supreme Court of the State of Colorado in 1963 and is registered upon the official records of this Court, registration number 2049. He is therefore subject to the jurisdiction of this Court and its Grievance Committee in these disciplinary proceedings.

This disciplinary action arises from the respondent's two-year suspension from the practice of law in another jurisdiction. In 1988 the respondent entered into a negotiated plea agreement in the United States District Court for the District of Colorado whereby he pled guilty to two violations of DR 1–102(A)(4) (conduct involving dishonesty, and misrepresentation) and agreed to a two-year suspension.[1] At the hearing before the Hearing Board of the Colorado Supreme Court Grievance Committee, the respondent admitted that he had been suspended, and further admitted that he did not report this suspension to the disciplinary counsel of the Grievance Committee as required under C.R.C.P. 241.17. C.R.C.P. 241.17 provides in part:

(a) **Proof of Discipline Imposed.** Except as otherwise provided by these Rules, a *final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.*

(b) **Duty to Report Discipline Imposed.** *Any lawyer subject to these Rules against whom any form of public discipline has been imposed* by the authorities of another jurisdiction, or who voluntarily surrenders his license to practice law in connection with disciplinary proceedings in another jurisdiction, *shall*

1. The respondent had been charged with seven counts of misconduct in his representation of Commercial Contractors, Inc., a company that filed for Chapter 11 reorganization. In the reorganization, Gilson did not disclose as assets the assignments to him of interest in Commercial's contracts. As a creditor, Gilson appeared before the bankruptcy court and made misrepresentations about his relationship with the company and signature dates of the assignments and contracts.

*notify the Disciplinary Counsel of such action in writing within ten days thereof.*

7A C.R.S. (1988 Supp.) (emphasis added). The Hearing Board heard evidence in mitigation but found the mitigating factors asserted by the respondent "to be palpably without merit."

The rule calls for imposition of the same discipline unless one of four exceptions has been established.[2] The board concluded that the respondent had not proven that imposition of an identical suspension period by the Colorado Supreme Court would result in grave injustice, or that a "substantially different discipline [was] warranted." C.R.C.P. 241.17(d). Finally, the board noted that the respondent had two prior private censures. Based on these considerations, the Hearing Board recommended a two-year suspension to the Hearing Panel. The panel unanimously approved and recommended the same disciplinary action to this court.

We agree with this recommendation. The respondent was suspended by another jurisdiction, the United States District Court, pursuant to a plea agreement. He was required to report his suspension to disciplinary counsel within ten days and did not do so. We agree with the hearing board that none of the exceptions under C.R.C.P. 241.17(d) applies, and also agree that the respondent's assertions in mitigation are not persuasive.

We order that the respondent be suspended from the practice of law for a period of two years. The suspension begins on October 18, 1989. The respondent is also ordered to pay the costs of these proceedings in the amount of $340.39 to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202, within thirty (30) days from the announcement date of this opinion.

---

2. The exceptions that may justify a different disciplinary action are if:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants a substantially different form of discipline be imposed by the Supreme Court.

C.R.C.P. 241.17(d).