The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Ochoa TREVINO, Jr.,
Attorney–Respondent.

No. 90SA311.

Supreme Court of Colorado,
En Banc.

Nov. 13, 1990.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

No Appearance by attorney-respondent.

PER CURIAM.

This is an attorney discipline action brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). The respondent did not appear and did not answer the complaint filed by the assistant disciplinary counsel. A hearing panel of the grievance committee approved the findings of the hearing board and recommended that the respondent be suspended from the practice of law for one year and one day and pay the costs of these proceed-ings. We approve the recommendation of the grievance committee.

I

The respondent was admitted to the bar of this court on January 5, 1977, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The hearing board noted that the respondent was suspended by order of this court on August 15, 1985, for failure to comply with his continuing legal education requirement and for failing to pay his registration fees, and that he is currently under suspension.

The complaint charged the respondent with violations of C.R.C.P. 241.6 (grounds for attorney discipline); C.R.C.P. 241.17(b) (imposing duty to report discipline imposed by foreign jurisdiction); DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment).

The respondent did not appear or answer the complaint. The facts and the charges in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Richards,* 748 P.2d 341, 347 (Colo.1987).

The hearing board found that the respondent was suspended from the practice of law for one year by the 207th District Court of Comal County, Texas, on November 9, 1988. *State Bar of Texas v. Trevino,* No. C88–467B (Tex.Dist.Ct.Nov. 9, 1988) (default judgment). Based on the same acts that provide the foundation for the complaint later filed in the Colorado disciplinary proceedings, the Texas District Court determined that the respondent violated the following former disciplinary rules of the Texas Code of Professional

Responsibility, all of which were substantially similar to their counterparts in the Colorado Code of Professional Responsibility: DR 1–102(a)(4); DR 6–101(A)(3); DR 7–101(A)(1); and DR 7–101(A)(2). In addition, the Texas court found that the respondent violated Article X, § 7(4) of the State Bar Rules (failure to furnish information to the disciplinary counsel or grievance committee), and that he was guilty of professional misconduct as defined by Article X, § 7 of the State Bar Rules.

The respondent failed to notify the disciplinary counsel of this state of the discipline imposed in Texas in violation of C.R.C.P. 241.17(b). The hearing board concluded that the respondent had violated C.R.C.P. 241.6 and C.R.C.P. 241.17(b) as well as all of the disciplinary rules charged in the complaint. These findings of the hearing board are supported by substantial evidence in the record and are correct.

## II

This court generally imposes the same discipline upon an attorney who is licensed in another state and is disciplined in the other jurisdiction, unless one of four exceptions has been established. C.R.C.P. 241.-17(d)(1)–(4); *People v. Gilson*, 780 P.2d 1088, 1089 (Colo.1989). The hearing board found that the Texas disciplinary procedures comported with due process, C.R.C.P. 241.17(d)(1); that the proof upon which the foreign jurisdiction based its determination of misconduct was not so infirm that the supreme court of this state cannot, consistent with its duty, accept the final determination of the foreign jurisdiction, C.R.C.P. 241.17(d)(2); and that imposition in this state of the same (or greater) discipline than imposed by Texas would not result in grave injustice, C.R.C.P. 241.-17(d)(3).

The hearing board concluded, however, that the respondent's misconduct merited more severe discipline in this state than a one-year suspension. C.R.C.P. 241.17(d)(4). We agree that the seriousness of the underlying conduct, when considered with the failure to report the discipline imposed in Texas and the respondent's default in these proceedings, warrants the requirement that the respondent prove by clear and convincing evidence his fitness to resume the practice of law. C.R.C.P. 241.22(b).

## III

It is hereby ordered that Richard Ochoa Trevino, Jr., be suspended from the practice of law for one year and one day, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Trevino pay the costs of this proceeding in the amount of $184.14 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Trevino shall not be reinstated until after he has complied with C.R.C.P. 241.-22(c).