**The PEOPLE of the State of Colorado, Complainant,**

v.

**Charles R. BREINGAN, Attorney-Respondent.**

**No. 91SA338.**

Supreme Court of Colorado, En Banc.

Nov. 25, 1991.

---

**1116**

Linda Donnelly, Disciplinary Counsel
John S. Gleason, Asst. Disciplinary Counsel
Denver, for complainant.

No Appearance on Behalf, of respondent.

## PER CURIAM

This is an attorney discipline proceeding brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). A hearing panel of the Supreme Court Grievance Committee unanimously approved the findings and recommendation of the hearing board that the respondent receive a public censure and be assessed the costs of the proceeding. We accept the recommendation of the hearing panel.

### I.

The respondent was admitted to the bar of this court on October 14, 1981, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The complaint filed by the assistant disciplinary counsel alleged that the respondent had received a public reprimand from the Supreme Court of New Jersey for neglect of three separate client matters, for failing to pursue diligently the claims of one client, and for failing to cooperate with the ethics committee of that state. *See In re Breingan*, 120 N.J. 161, 576 A.2d 783 (1990). The complaint also charged that the respondent had failed to report this public discipline to the disciplinary counsel in Colorado, contrary to C.R.C.P. 241.17(b).

Because the respondent did not appear and did not answer the complaint, an order of default was entered and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the allegations and charges of misconduct contained in the complaint were established by clear and convincing evidence.

### II.

This court generally imposes the same discipline upon an attorney who is licensed in another state and is disciplined in the other jurisdiction, unless one of four exceptions has been established. C.R.C.P. 241.-17(d)(1)–(4); *People v. Gilson*, 780 P.2d 1088, 1089 (Colo.1989). A review of the public reprimand issued by the Supreme Court of New Jersey discloses that it is the equivalent of a public censure issued by this court. *See* C.R.C.P. 241.7(3). If a lawyer intends to challenge the validity of discipline imposed by another jurisdiction, the lawyer must file a full copy of the foreign disciplinary proceedings with the grievance committee counsel, and this has not been done. C.R.C.P. 241.17(d). Further, we conclude that none of the four exceptions applies in this case.

Accordingly, we accept the recommendation of the hearing panel and publicly censure the respondent Charles R. Breingan and assess him the costs of these proceedings in the amount of $137.27. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.