The PEOPLE of the State of Colorado, Complainant,

v.

Judith Ward MATTOX, Attorney–Respondent.

No. 93SA249.

Supreme Court of Colorado.

Nov. 15, 1993.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Michael L. Bender, Denver, for attorney-respondent.

PER CURIAM.

This attorney discipline proceeding is brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). A hearing panel of the Supreme Court Grievance Committee approved the findings of the hearing board and recommended that the respondent[1] be suspended from the practice of law for one year and pay the costs of the proceeding. Neither the respondent nor the assistant disciplinary counsel has excepted to the hearing panel's action. We approve the recommendation of the hearing panel.

I.

■ The hearing board found that the following facts had been established by clear and convincing evidence. In February 1973, the respondent, then known as Judy Ward Smith, was disbarred from the practice of law in the Commonwealth of Kentucky as the result of her guilty plea to the misdemeanor charge of attempting to commit an offense. *See Kentucky State Bar Ass'n v. Smith,* 492 S.W.2d 880 (Ky.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 109 (1973). The guilty plea stemmed from a plea-bargain agreement disposing of a three-count indictment for obtaining money under false pretenses, forgery, and removing documents from official files. *Id.* at 881

Prior to the filing of the indictment in Kentucky, the respondent took and passed the Colorado bar examination. Ten months after being disbarred, she took the oath of admission to practice law in Colorado without disclosing either her misdemeanor conviction or that she had been disbarred in Kentucky. After the Kentucky proceedings came to light, we suspended the re-

---

**1.** The respondent was admitted to the bar of this court on December 3, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

spondent from the practice of law in Colorado for one year. *See People v. Mattox*, 639 P.2d 397 (Colo.1982). Based on our order of suspension, the United States District Court, District of Colorado, suspended the respondent for an indefinite period. Although we reinstated the respondent to practice law in 1983, the federal district court denied the respondent's application for readmission to the federal bar.

On February 29, 1988, the respondent signed and filed a Verified Petition for Permission to Practice in *Burke & Associates, Inc. v. EG & G Energy Measurements, Inc.*, No. CV–S–87–722–HDM, pending in the United States District Court, District of Nevada. The respondent was seeking permission to participate in a deposition, and she was not at the time admitted to practice law in Nevada. Although the federal district court specifically inquired into prior discipline, the respondent failed to disclose that she had been disciplined as a lawyer in Kentucky, Colorado, and the United States District Court, District of Colorado.

Finding that the respondent had made false statements in her verified petition, the United States Magistrate recommended that the respondent be barred indefinitely from practicing in the United States District Court, District of Nevada. The federal district court upheld the magistrate's findings, but modified the period of suspen-

sion to one year. *Burke & Assocs., Inc. v. EG & G Energy Measurements, Inc.*, No. CV–S–87–722–HDM (D.Nev. Oct. 12, 1990) (order), *aff'd mem. sub nom.*, *Mattox v. United States District Court, District of Nevada*, 956 F.2d 1167 (9th Cir.1992).

### II.

In a reciprocal discipline case, we generally impose the same discipline as that imposed in the other jurisdiction, unless one of four exceptions has been established. C.R.C.P. 241.17(d)(1)–(4); [2] *People v. Breingan*, 820 P.2d 1115, 1116 (Colo. 1991); *People v. Trevino*, 803 P.2d 473, 474 (Colo.1990). After listening to the testimony of the witnesses for the respondent, including that of the respondent herself, and considering the exhibits introduced during the hearing, the board found that substantially different discipline than that imposed by the United States District Court, District of Nevada, was not warranted. We agree and therefore accept the recommendation of the hearing panel.

### III.

Accordingly, it is hereby ordered that Judith Ward Mattox be suspended from the practice of law for one year, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered

**2.** C.R.C.P. 241.17 provides, in relevant part:

**Rule 241.17. Discipline Imposed by Foreign Jurisdiction**

(a) **Proof of Discipline Imposed.** Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.

. . . .

(d) **Commencement of Proceedings Upon Notice of Discipline Imposed.** Upon receiving notice that a lawyer subject to these Rules has been publicly disciplined in another jurisdiction, the Disciplinary Counsel shall obtain the disciplinary order and prepare and file a complaint against the lawyer as provided in C.R.C.P. 241.12. If the Disciplinary Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the complaint.

. . . .

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

that Mattox pay the costs of this proceeding in the amount of $580.65 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80203.