**The PEOPLE of the State of Colorado, Complainant,**

v.

**Calla Marie SMITH, Attorney–Respondent.**

**No. 94SA214.**

Supreme Court of Colorado, En Banc.

Sept. 12, 1994.

---

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Calla Marie Smith, not appearing.

PER CURIAM.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee approved the findings of fact and recommendation of the hearing board. The respondent did not appear or answer the complaint, and she has not appeared or filed exceptions to the hearing panel's report in this court. *See* C.R.C.P. 241.13(b), 241.20(b).

The hearing board determined that the respondent knowingly failed to perform services for a client, knowingly violated a court order, engaged in dishonest conduct, and intentionally failed to respond to a formal complaint or to cooperate with the grievance committee without good cause. The board recommended that the respondent be suspended for 45 days, be assessed the costs of the proceedings, and pay restitution to a client. We agree that respondent's conduct requires disciplinary action. However, we reject the panel's recommendation that respondent be suspended for 45 days as too lenient under the circumstances and, therefore, order that respondent be suspended for six months.

I

Respondent was admitted to the bar of this court on November 1, 1985, and is registered as an attorney upon the official records of this court. She is therefore subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

Count one of the complaint charged the respondent with violations of C.R.C.P. 241.6 (grounds for attorney discipline); DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 2–110(B)(4) (a lawyer representing a client before a tribunal shall withdraw from employment when discharged by the client); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter); DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding); DR 7–101(A)(1) (a lawyer shall not fail to seek the lawful objectives of her client); and DR 9–102(B)(3) (a lawyer shall render appropriate accounts when requested by her client to do so).

Count two of the complaint charged the respondent with violation of C.R.C.P. 241.6 (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Because the respondent neither appeared nor answered the complaint, the allegations of fact in the complaint were deemed admitted and a default judgment was entered. C.R.C.P. 241.13(b); *People v. Trevino,* 803 P.2d 473, 473 (Colo.1990); *People v. Richards,* 748 P.2d 341, 347 (Colo.1987). The facts as found by the hearing board are as follows.

A

On January 9, 1992, Barbara Kostner retained the respondent to represent her in a dissolution proceeding in Jefferson County District Court. Kostner paid the respondent $838, including an advance fee of $750 and advance costs of $88. On January 21, 1992, respondent filed a dissolution petition on behalf of Kostner. On June 17, 1992, at respondent's request, Kostner paid an additional $500. However, at the time of payment, Kostner asked respondent to provide her with an accounting or a bill for the work accomplished to date. Respondent did not provide a bill or an accounting to Kostner.

On June 29, 1992, at a Permanent Orders hearing, it was stipulated that Kostner would purchase her husband's share of the equity in their home and that respondent and opposing counsel would select a real estate broker to determine the equity in the marital residence. At that hearing respondent was ordered to submit written final orders signed by both parties no later than August 4, 1992. However, respondent later failed to choose a real estate broker, and as a result, no appraisal took place. Furthermore, respondent failed to complete and file with the court final orders of dissolution, as ordered. In October of 1992, Kostner applied for a loan to purchase her husband's equity in their home. The loan application required that Kostner submit a copy of her divorce decree.

However, when Kostner attempted to obtain a copy of the decree from the court, she learned that the court had not issued a divorce decree. Kostner made several unsuccessful attempts to reach respondent by telephone. Being unable to contact respondent, Kostner sought the assistance of opposing counsel in an effort to determine why the final decree had not been issued. Both Kostner and opposing counsel made several unsuccessful attempts to reach respondent by telephone, despite leaving several messages. On December 3, 1992, the trial court ordered respondent to show cause, within 20 days, why permanent orders had not been submitted or in the alternative to submit permanent orders. On December 5, 1992, respondent had a third party call the court to explain that she would submit permanent orders in a day or two. Respondent, however, failed to submit any orders to the court.

During the period of October through December, Kostner was unable to communicate directly with respondent and through respondent, with the court. As a consequence, Kostner, respondent's client, was neglected and unable to participate fully in the court proceedings. Finally, on December 7, 1992, Kostner wrote a letter to respondent discharging her. Kostner represented herself thereafter. Respondent failed to file any motion or request for permission to withdraw after receiving Kostner's December 7, 1992 letter of discharge. As a result of respon-

dent's failure to obtain permanent orders in a timely manner, Kostner's loan commitment to finance her house purchase expired and her loan fee of $355 was forfeited. Final orders, prepared by opposing counsel and not respondent as ordered, were approved by the court on February 1, 1993, nunc pro tunc, January 11, 1993.

## B

In March, 1992, respondent sublet office space from Philip Burton Green. On or about December 14, 1992, Green decided to terminate the sublease. Because of a dispute between Green and respondent as to the effective date of termination of the sublease, Green brought a forcible entry and detainer proceeding against respondent through the Denver County Court and obtained an eviction order. A hearing was scheduled for Monday, March 8, 1993, in Division 5 of the Denver County Court to determine the amount of back rent to which Green was entitled. A few days before the hearing, respondent called and left a message on Green's answering machine stating that she had spoken with the clerk of the court and that the March 8 proceeding had been vacated, and that a new date would be assigned after it was cleared with respondent. However, respondent had not called the clerk's office and the message was a misrepresentation of fact. The hearing scheduled for March 8, 1993, took place and judgment was entered against respondent.

## II

The hearing board concluded, and we agree, that the respondent's conduct in representing Kostner violated DR 1–102(A)(1), DR 1–102(A)(5), DR 6–101(A)(3), DR 7–106(A), DR 7–101(A)(1), and DR 9–102(B)(3). In addition, the hearing board determined, and we agree, that respondent's conduct in her dealings with Green violated C.R.C.P. 241.6.

The respondent's failure to prepare permanent orders on behalf of her client as she agreed, was a serious breach of her duty as a lawyer. Delay in effecting the trial court's issuance of permanent orders of dissolution because of neglect in the preparation of such

orders may have serious consequences and deprive a client of the opportunity to obtain a timely decree of dissolution of marriage. Moreover, neglect during a dissolution proceeding may occur at a time when clients are particularly vulnerable and in need of counsel. Here, respondent's continued and chronic neglect over a period of months must be considered willful. *See People v. Barber,* 799 P.2d 936, 940 (Colo.1990). Finally, respondent's dealings with Green involved dishonest conduct which cannot be ignored. Respondent's misrepresentation of facts relating to the March 8, 1993, county court hearing is inexcusable.

## III

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions,* (1986) (ABA Standards), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. *See People v. Chappell,* 783 P.2d 838 (Colo.1989). Suspension is also generally appropriate when a lawyer knowingly violates a court order and there is injury or potential injury to a client or party. *ABA Standards,* § 6.22. *See, e.g., People v. Barr,* 855 P.2d 1386 (Colo.1993) (lawyer suspended 90 days for failing to prepare a written order in dissolution proceeding ordered by the court).

The hearing board's findings establish or strongly suggest the presence of several factors in aggravation, including dishonesty, a pattern of misconduct in the form of neglect, intentionally failing to respond to the formal complaint, refusal to acknowledge the wrongful nature of her conduct, indifference to making restitution, and substantial experience in the practice of law. *ABA Standards,* §§ 9.22(b), (e), (g), (i) and (j). Set against the pattern of the respondent's misconduct, the one factor in mitigation, that respondent has no prior disciplinary record, *ABA Standards,* § 9.32(a), is of insignificant weight.

## IV

The hearing board recommends that respondent be suspended from the practice of law for a period of 45 days and be assessed the costs of this proceeding. We agree that a suspension is in order; however, we reject the panel's recommendation that a 45 day suspension is appropriate. Because we believe the length of suspension to be inadequate under these facts, a longer period of suspension is appropriate. Accordingly, it is hereby ordered that respondent be suspended from the practice of law for six months, effective immediately upon the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before she may be reinstated. It is further ordered that respondent be required, as a condition to reinstatement, to pay restitution to Kostner in the amount of $855 plus statutory interest from December 7, 1992, until paid. Finally, it is ordered that, within 30 days after the announcement of this opinion, respondent pay the costs of this proceeding in the amount of $127.11 to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Dominion Plaza, Denver, CO 80202.