The PEOPLE of the State of Colorado, Complainant,

v.

**Steven J. BARR, Attorney-Respondent.**

**No. 87SA449.**

Supreme Court of Colorado,
En Banc.

Jan. 12, 1988.

Linda Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Deputy Disciplinary Prosecutor, Denver, for complainant.

Charles E. Painter, Colorado Springs, for attorney-respondent.

KIRSHBAUM, Justice.

Steven J. Barr, you appear before this court to receive a public censure for your professional misconduct. You were admitted to the Bar of this court on December 16, 1970. On February 13 and August 9,

1985, prior to the request for investigation in this matter, letters of admonition were sent to you by the Grievance Committee as a result of two separate requests for investigation. You have not been the subject of any other disciplinary proceedings with regard to your professional conduct.

On November 4, 1987, prior to the commencement of evidentiary proceedings herein, you entered into a stipulation, agreement and conditional admission of misconduct in which you and the disciplinary prosecutor recommended that a public censure be issued to you. On November 6, 1987, you submitted a statement in mitigation in which you referred to the letters of admonition. The People then filed a response to your statement. The hearing panel unanimously recommended that you receive a public censure and pay the costs of these proceedings. In view of all of the circumstances disclosed by the record, including your prior discipline for professional misconduct, the court concludes that this public censure shall be issued.

In July of 1984, you were retained to represent a client in connection with several matters related to a decree of divorce entered in June 1984. On July 24, 1984, as a result of a motion you filed on behalf of your client for judgment for a portion of arrearages, a judgment for $1,250 was entered against her ex-husband. On December 31, 1984, a second judgment was entered · against her ex-husband, in the amount of $4,500 plus $250 attorney fees, payable to you. After discussions among you, your client and her ex-husband, you drafted a stipulation requiring the ex-husband to pay $200 per month through your office to satisfy the outstanding judgments. The agreement was not signed, but from February through July of 1985 the ex-husband made several cash payments of $100 each to your office. You deposited the cash in your office safe.

You later drafted a second agreement, which the ex-husband signed on July 29, 1985, but which your client did not sign. The agreement acknowledged that you had received $1,000 from your client's ex-husband and that you had retained $300 of that amount for attorney fees. However, your receipt book indicated that you had received $800 from your client's ex-husband. This agreement provided for payments of $200 per month until satisfaction of the outstanding judgment.

On July 22, 1985, your client filed a request for investigation with the Grievance Committee, asserting that she had not been able to obtain an accounting of the monies paid to you by her ex-husband. On August 9, 1985, after having been notified of your client's request, you sent a letter to her stating that you held $700 of her funds. You obtained this sum by subtracting from funds received from the ex-husband an amount equal to $250 in court-ordered attorney fees plus $50 in attorney fees assessed but not billed to your client. Your letter also requested instructions from your client concerning what portion of your client's funds were to be paid to her former attorney. Your client responded by instructing you to forward $350 to her and $350 to her former attorney. Her letter was sent by certified mail and was receipted for by your secretary.

In November 1986, a Grievance Committee investigator was told by you that you had not yet sent your client her money. Approximately one week later, you delivered a cashier's check to your client in the amount of $900. That sum represented the original $700, a $50 refund of the attorney fee assessed but never billed, and $150 representing interest at ten percent. Subsequent to the filing of the complaint in this matter, your client failed to execute an acceptance of service for the subpoena which she had received; she has moved to some unknown location.

In your stipulation, you admit that you failed to disburse your client's funds as she directed, although you contend that at the time you believed you were in fact following her instructions. You also admit that you failed to deposit sums received from your client's ex-husband into an identifiable

bank account and failed to maintain complete records of those funds. When your client attempted to obtain information from you concerning the status of her funds, you did not give her the requested information.

Your conduct in these areas violated the high standards of faithful representation and absolute candor to your client which are the essence of the professional lawyer-client relationship. Specifically, your conduct violated C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR9–102(A) (failure to deposit funds of clients in one or more identifiable bank accounts); DR9–102(B)(3) (failure to maintain complete records and render appropriate accounts to a client of all funds held by the lawyer); and DR9–102(B)(4) (failure to promptly pay to a client upon request funds the client is entitled to receive). You have acknowledged that your conduct violated the minimal standards of professional responsibility deemed essential to ensure that clients will have absolute trust and confidence in their legal representatives. Although your client was not injured in this case, the fact that you had received two letters of admonition concerning aspects of your legal practice prior to your representation of this client contributes to the appropriateness of the sanction to which you have agreed. We, therefore, adopt the recommendation for public censure issued by the hearing panel upon your stipulation.

This disciplinary action will remain on file with this court for further consideration should you at any future time again violate provisions of the Code of Professional Responsibility. In addition, you are hereby ordered to pay the costs of these proceedings in the amount of $71.33 within thirty days of this order to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado 80202.