The PEOPLE of the State of
Colorado, Complainant,

v.

Mary G. NASH, Attorney–Respondent.

No. 94SA116.

Supreme Court of Colorado,
En Banc.

May 2, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Mary G. Nash, pro se.

PER CURIAM.

This attorney discipline proceeding is brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). The respondent [1] and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, with the recommendation that the respondent receive a public censure. We accept the stipulation and the recommendation of the inquiry panel.

I

The respondent was licensed to practice law in Ohio, and the misconduct forming the basis of this reciprocal discipline occurred in Ohio. The parties stipulated that on September 6, 1988, the respondent was retained by a client who had previously filed a pro se lawsuit against an individual police officer and a sheriff's department arising from the client's arrest and incarceration for disorderly conduct.

The respondent and the client executed a fee agreement providing for a $5,000 minimum fee which covered all matters of representation short of trial. If the case proceeded to trial, the client was to pay the respondent an additional $5,000 fee.

The litigants submitted to binding arbitration in July 1989, and a hearing was initially scheduled for October 1989. The respondent considered that the case had proceeded to trial as provided in the fee agreement and she asked for and received an additional $5,000 from the client. The hearing was rescheduled for June 1990.

After conducting discovery and an informal investigation, the respondent concluded that the case had little or no merit, so, when the defendants made a settlement offer of $1,000, she offered to refund the second $5,000 to the client if the client accepted the settle-

---

1. The respondent was admitted to the bar of this court on March 25, 1991, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

ment offer. The client, however, remained adamant about proceeding to trial until the morning of the hearing when she agreed to accept the defendants' offer. The respondent forwarded the $1,000 settlement to the client, but refused to return the second $5,000, taking the position that she had performed additional work preparing for the hearing.

The client subsequently filed a grievance against the respondent in Ohio. After a grievance hearing was held on December 16, 1992, the Ohio Supreme Court found that the respondent had violated DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee). *Butler County Bar Ass'n v. Nash,* 66 Ohio St.3d 101, 609 N.E.2d 531, 533 (1993). The court ordered that the respondent be suspended from the practice of law for one year. *Id.* The order also provided that execution of the suspension would be suspended if the respondent refunded the second $5,000 to the client. *Id.* The respondent refunded the $5,000 as ordered, *id.* 609 N.E.2d at 533 n. 1, with the result that she was never actually suspended from practicing law in Ohio.

The respondent admitted that her conduct also violated DR 2–106(A) of the Colorado Code of Professional Responsibility.

2. C.R.C.P. 241.17 provides in relevant part:

**Rule 241.17. Discipline Imposed by Foreign Jurisdiction**
   **(a) Proof of Discipline Imposed.** Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of a lawyer shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.
   . . . .
   **(d) Commencement of Proceedings Upon Notice of Discipline Imposed.** Upon receiving notice that a lawyer subject to these Rules has been publicly disciplined in another jurisdiction, the Disciplinary Counsel shall obtain the disciplinary order and prepare and file a complaint against the lawyer as provided in C.R.C.P. 241.12. If the Disciplinary Counsel intends either to claim that substantially different discipline is warranted or to present additional evidence, notice of that intent shall be given in the complaint.
   If the lawyer intends to challenge the validity of the disciplinary order entered in the foreign

## II

In a reciprocal discipline case, we generally impose the same discipline that was imposed in the foreign jurisdiction unless one of four exceptions is met. *People v. Mattox,* 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)–(4).[2] Colorado law, however, does not provide for the conditional suspension of a period of suspension. *See* C.R.C.P. 241.7.

The one-year period of suspension was not imposed on the respondent in Ohio because she repaid her client. Any period of suspension ordered by this court would therefore exceed the actual sanction imposed on the respondent in Ohio. Looking at the practical effect of the Ohio Supreme Court's order, rather than its form, we agree with the assistant disciplinary counsel that a public censure is appropriate.

## III

It is hereby ordered that Mary G. Nash be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.48 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600

jurisdiction, he must file with the Committee Counsel a full copy of the record of the disciplinary proceedings which resulted in the imposition of that disciplinary order.
   At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:
   (1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
   (2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;
   (3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
   (4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

