The PEOPLE of the State of
Colorado, Complainant,

v.

Willis Ray BENGERT, Attorney–
Respondent.

No. 94SA368.

Supreme Court of Colorado,
En Banc.

Nov. 29, 1994.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Willis Ray Bengert, pro se.

PER CURIAM.

This is a reciprocal attorney disciplinary proceeding brought pursuant to C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). The respondent [1] and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, with the recommendation that the respondent be suspended from the practice of law for one year and one day and be assessed costs. We accept the stipulation and the recommendation of the inquiry panel.

I

The parties stipulated that the respondent was suspended from the practice of law in California, effective May 7, 1993. *See In re Bengert,* No. S031049 (Cal. Apr. 7, 1993) (order of suspension). In a reciprocal disciplinary proceeding brought in Missouri, the respondent was suspended in Missouri until he obtained reinstatement from the California Supreme Court. *See In re Bengert,* No. 76024 (Mo. Oct. 21, 1993). The respondent was subsequently reinstated in California on November 16, 1993.

In March 1988, the respondent became involved in a relationship and agreement with a nonlawyer which, in effect, constituted the sharing of legal fees with a nonlawyer, contrary to DR 3–102(A) (a lawyer shall not share legal fees with a nonlawyer, subject to certain exceptions which do not apply); and the formation of a partnership with a nonlawyer, contrary to DR 3–103(A) (a lawyer shall

---

1. The respondent was admitted to the bar of this court on September 11, 1957, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

not form a partnership with a nonlawyer if any of the activities of the partnership consist of the practice of law). The respondent has also admitted that his conduct violated DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located).

The respondent allowed the nonlawyer to exercise control over client settlement funds, and the nonlawyer embezzled approximately $120,000 of such funds. When the respondent discovered the embezzlement, he terminated the relationship with the nonlawyer, and began paying restitution to the victims. The assistant disciplinary counsel has stipulated that there are currently no unsettled claims, and that the respondent has closed his personal injury office.

## II

 In a reciprocal discipline case such as this, we generally impose the same discipline that was imposed in the foreign jurisdiction unless one of four exceptions exist. *People v. Nash,* 873 P.2d 764, 765 & n. 1 (Colo.1994); *People v. Mattox,* 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)–(4).[2] The California Supreme Court's order of suspension provided in part that the respondent "be suspended from the practice of law for a period of two years, that execution of suspension be stayed, and that he be placed on probation for three years on condition that he be actually suspended for six months." The respondent was also ordered to pay restitution and pass a professional responsibility examination.

Colorado law does not provide for the conditional suspension of a period of suspension, or for probation. *See* C.R.C.P. 241.7; *Nash,* 873 P.2d at 765. The parties have stipulated,

however, that suspension for one year and one day is an appropriate disciplinary sanction under the facts of this case. The assistant disciplinary counsel indicates that a suspension for one year and one day, together with the requirements for reinstatement contained in C.R.C.P. 241.22(b)–(d), will assure that the respondent has complied with the conditions of his California suspension, including the probationary period. We agree and accordingly accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III

Accordingly, it is hereby ordered that Willis Ray Bengert be suspended from the practice of law for one year and one day, commencing thirty days after the issuance of this opinion. The respondent must undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d). It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.83 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

---

2. The four exceptions are:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;
(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.
C.R.C.P. 241.17(d). The stipulation and the limited record before the court do not disclose that any of the four exceptions apply in this case.