**The PEOPLE of the State of Colorado, Complainant,**

v.

**Steven J. BARR, Attorney–Respondent.**

**No. 96SA425.**

Supreme Court of Colorado, En Banc.

Dec. 23, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Dennis W. Hartley, Colorado Springs, for Attorney–Respondent.

PER CURIAM.

The respondent and the assistant disciplinary counsel have executed a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The parties agreed that the respondent should be suspended from the practice of law for a period in the range of thirty days to three months. An inquiry panel of the supreme court grievance committee approved the conditional admission, with the recommendation that the

---

respondent be suspended for three months. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1970. The conditional admission states that a client retained the respondent to represent her in a dissolution of marriage proceeding in 1992. During the course of the representation, in June 1993, the respondent and his client engaged in sexual intercourse on one occasion. There was no sexual contact during the remainder of the representation, a period of more than two years.

The respondent admits that his conduct violated R.P.C. 1.7(b) (a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's own interests); R.P.C. 1.16(a)(1) (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law); R.P.C. 8.4(h) (a lawyer is guilty of professional conduct if he or she engages in conduct that adversely reflects on the lawyer's fitness to practice law). *See People v. Zeilinger*, 814 P.2d 808, 809 (Colo.1991) (engaging in sexual relationship with marital dissolution client was conduct adversely reflecting on the lawyer's fitness to practice law, and it created a conflict of interest between the client's interests and the interests of the lawyer).

## II.

The respondent and the complainant have agreed that a suspension from the practice of law from thirty days to three months is appropriate. The inquiry panel recommended a three-month suspension. We have said that "a sexual relationship between lawyer and client during the course of the professional relationship presents significant dangers, including, at the least, the potential that the client will be injured by the lawyer's conduct." *People v. Good*, 893 P.2d 101, 103 (Colo.1995) (lawyer's sexual relationship with client, aggravated by prior discipline and submission of false evidence to the hearing board, warranted suspension for one year and one day).

The respondent has a history of discipline, which is an aggravating factor for the purpose of determining the proper sanction. ABA *Standards for Imposing Lawyer Sanctions* (ABA *Standards*) 9.22(a) (1991 & 1992 Supp.). He received two letters of admonition from the grievance committee in 1985 and a third admonition in 1996. The respondent was publicly censured in 1988 for failing to disburse client funds as directed, to properly deposit funds in an identifiable bank account, and to maintain complete financial records. *People v. Barr*, 748 P.2d 1302, 1303–04 (Colo.1988).

The respondent's dissolution of marriage client was particularly vulnerable at the time of his misconduct, which is also an aggravating factor. ABA *Standards* 9.22(h). In mitigation, the assistant disciplinary counsel states that the respondent made full and free disclosure in these disciplinary proceedings, *id.* at 9.32(e), exhibited a cooperative attitude, *id.*, and is remorseful, *id.* at 9.32(l).

Weighing the seriousness of the misconduct together with the respondent's previous discipline, and taking into account the countervailing factors of the respondent's cooperation in these proceedings and his remorse, we conclude that a suspension for three months is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendation. At least one member of the court would have rejected the conditional admission, however, and sent the matter back for further proceedings.

## III.

It is hereby ordered that Steven J. Barr be suspended from the practice of law for three months, effective thirty days after the issuance of this opinion. It is also ordered that

the respondent pay the costs of this proceeding in the amount of $61.36 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.