The PEOPLE of the State of
Colorado, Complainant,

v.

Jeffrey Dana EASLEY, Attorney–
Respondent.

No. 98SA77.

Supreme Court of Colorado,
En Banc.

April 13, 1998.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Jeffrey Dana Easley, Lakewood, Pro Se.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the complainant. *See* C.R.C.P. 241.18. The conditional admission was approved by an inquiry panel of the supreme court grievance committee. It recommended discipline in the range of public censure to a sixty-day suspension from the practice of law. The inquiry panel recommended that the respondent be suspended for sixty days. We accept the conditional admission and the panel's recommendation.

I.

The respondent was admitted to practice law in Colorado in 1986. The conditional admission involves the allegations in two formal complaints, Nos. GC 96A–82 and GC 97A–23.

A. No. GC 96A–82

In 1995, the respondent represented about sixty U.S. West women employees in a sexual harassment case or cases against U.S. West. The employees had contact with or had been supervised by Robert Harlan, a former U.S. West employee who was convicted of the sexual assault and murder of a Denver area woman in February 1994.

In May 1995, the respondent hired Robert W. Oblock, a private investigator, to assist him in the sexual harassment matter. Oblock began work in June 1995, and in six weeks claimed to have worked 141 hours on the case. In July 1995, the respondent also hired Robyn Starr, a counselor, to help him evaluate and communicate with his clients and to gather medical evidence. He initially entered into oral agreements with both Oblock and Starr to pay them on a contingent fee basis plus costs. In July 1995, the respondent drafted a memo to Oblock and Starr offering them a flat fee consisting of "an amount equal to 7.5% of [the respondent's] firm's recovered fee, at the end of the case, whenever that is." Under this proposal, Oblock and Starr would recover no fees unless the respondent recovered attorney fees. In the alternative, the respondent proposed that Oblock and Starr would receive "some money before the end of the case." They would be paid at a reasonable hourly rate, to be agreed upon, or they would receive a fixed amount each month with a possible bonus at the end of the case.

Oblock rejected the contingent fee offer. He provided the respondent with a billing statement showing 141 hours of work, but the respondent refused to pay it until he was provided with "all of [Oblock's] work product." Oblock has never provided substantiation of his hours and the respondent has not paid him.

Starr stopped working for the respondent and is currently in a dispute with him regarding payment for her hours. The conditional admission states that the respondent has paid Starr's expenses as submitted, however.

The respondent has stipulated that his conduct violated Colo. RPC 5.4(a) (providing that "[a] lawyer or law firm shall not share legal fees with a nonlawyer"); and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice).

B. No. GC 97A–23

The respondent represented a number of women clients in the sexual harassment ac-

tion or actions against U.S. West. In early 1996, he engaged in a consensual sexual relationship with one of his clients, lasting one weekend. The relationship came to light when the woman was deposed by U.S. West's attorney. The respondent's conduct violated Colo. RPC 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice).

## II.

 The inquiry panel approved the conditional admission and recommended that the respondent be suspended for sixty days. This case involves two areas of misconduct. The first is the respondent's attempt to share legal fees with nonlawyers in violation of Colo. RPC 5.4(a). Even though the nonlawyers refused his offer, the respondent's attempt to share was professional misconduct. *See* Colo. RPC 8.4 ("It is professional misconduct for a lawyer to ... (a) violate or attempt to violate the rules of professional conduct...."). Under the ABA *Standards for Imposing Lawyer Sanctions* 7.2 (1991 & Supp.1992), "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." *See People v. Bengert,* 885 P.2d 241, 242 (Colo.1994) (in reciprocal discipline case, lawyer suspended for one year and one day for sharing fees with a nonlawyer, among other misconduct); *People v. Shipp,* 793 P.2d 574, 575 (Colo.1990) (suspending lawyer for sixty days for paying fees to jail inmates for referring other inmates to the lawyer).

The respondent's attempt to share legal fees was not as serious a professional violation as was present in either *Bengert* or *Shipp,* but there is a second component of misconduct. In the same sexual harassment case, the respondent had a sexual relationship with one of his clients, thereby violating Colo. RPC 8.4(h). As we said in *People v. Boyer,* 934 P.2d 1361, 1363 (Colo.1997):

[W]e have clearly held in the past and here reaffirm that a sexual relationship between lawyer and client during the course of the professional relationship is inherently and insidiously harmful. The relationship can undermine the lawyer's professional integrity and judgment and dishonor the client's trust. *See People v. Good,* 893 P.2d 101, 103 (Colo.1995).

The nature of the sexual harassment case itself and the fact that the respondent was representing other female plaintiffs besides the one with whom he had the covert sexual relationship with raises at least the potential for significant harm.

We therefore conclude that the respondent's conduct warrants a short period of suspension, at the minimum. We note that he has not previously been disciplined, which is a mitigating factor for the purpose of determining the level of discipline. *See* ABA *Standards* 9.32(a). He has also cooperated in these proceedings, *see id.* at 9.32(e); and has demonstrated remorse for his behavior, *see id.* at 9.32(1). Weighing the seriousness of the conduct against the factors in mitigation, we conclude that a suspension for sixty days is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Jeffrey Dana Easley be suspended from the practice of law for sixty days, effective thirty days from the date of this opinion. It is further ordered that Easley pay the costs of this proceeding in the amount of $102.40 within thirty days of the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.