The PEOPLE of the State Of Colorado, Complainant,

v.

Joseph M. RIDDLE, Respondent.

No. GC98B80.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

April 23, 1999.

Amended May 5, 1999.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND IMPOSITION OF SANCTIONS

This matter was heard on March 2 and 3, 1999, before the Presiding Disciplinary Judge and two hearing board members, Marilyn J. David and Marcy G. Glenn, both members of the Bar. Gregory G. Sapakoff, Assistant Regulation Counsel represented the People ("People") and Jay P.K. Kenney represented Joseph M. Riddle ("respondent").

## I. CHARGES

The People charged that respondent's conduct established grounds for discipline as provided in C.R.C.P. 241.6, and violated Colorado Rules of Professional Conduct ("Colo. RPC") 1.4(b) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Colo. RPC 1.7(b) (representing a client when the representation of that client may be materially limited by the lawyer's own interests); Colo. RPC 1.16(a)(1) (failing to withdraw from representation of a client if the representation will result in violation of the rules of professional conduct or other law); Colo. RPC 8.4(h) (conduct that adversely reflects on the fitness to practice law), and Colo. RPC 8.4(a) (violating a rule of professional conduct).

The court and hearing board members heard testimony from the People's complainant ("the client" or "wife" in the underlying marital dissolution proceeding). Additional testimony was given by respondent's witnesses Jean E. Dubofsky, Guy R. Greenstein, Carol Johnson, Brian E. Johnson, E. Michael Canges and respondent. The People's Exhibits 1 through 21 were admitted into evidence by stipulation. The respondent's Exhibits A through V were admitted into evidence by stipulation. The court and hearing board considered the testimony, the exhibits admitted, assessed the credibility of the witnesses, and make the following findings of fact which were established by clear and convincing evidence:

## II. FINDINGS OF FACT

In April 1994, the client, an experienced attorney having particular expertise in the field of sexual harassment law, retained the respondent to represent her in the dissolution of her two-year marriage. There were no child support, custody, or maintenance issues in the divorce. The parties agreed-upon a division of marital property and stipulated that the agreed-upon division was equitable. The parties, however, were unable to agree upon the treatment of two items: (1) the increase in value during the marriage of a house owned by the wife, and (2) the nature and treatment of a $42,000 pre-marital trans-fer of funds from the husband to the wife. Wife used the funds to purchase a house in Boulder. Subsequent to the marriage, the husband did not, as originally anticipated, move to Boulder or live in the house with his wife.

At the conclusion of the dissolution hearing, the trial court found that the house was the separate property of the wife and not marital property. The court also ruled that the division of marital property already effected by the parties was appropriate and acceptable to the court. After additional briefing, the court found that the funds transferred from husband to wife and used to purchase the house constituted a loan and ordered the wife to repay the loan with interest.

In preparing the written order to reflect the court's ruling, respondent and counsel for the husband could not agree upon language to accurately reflect the impact of the court's ruling on the treatment of the increase in value of the wife's house. Eventually counsel for the parties obtained a transcript of the court's oral ruling and inserted into the written order the court's language in its oral ruling, recognizing that they disagreed upon the interpretation of the court's oral order regarding the division of the house's increase in value. Neither respondent nor counsel for the husband sought further findings or clarification from the trial court as to its oral ruling. The respondent did not consult with his client nor seek her approval for his strategy concerning whether to seek clarification of the court's ruling as it related to the increase in value of the house during the marriage. The husband appealed the trial court's ruling to the Court of Appeals on or about June 12, 1995 and, in part, identified the trial court's ruling regarding the increase in value of the house as a subject of review. The respondent represented the client on the appeal, appearing on behalf of the client for oral argument approximately one year later, on July 30, 1996.

In August 1996, shortly after oral argument upon the appeal, respondent began having increasing social contact with the client. The respondent was experiencing emotional

turmoil in his life at the time and suffered from periods of depression. As their social relationship progressed and became increasingly romantic, respondent and the client recognized the development of a conflict of interest and its potential impact on their attorney/client relationship. Respondent and the client acknowledged that the Rules of Professional Conduct mandated a choice between the personal relationship and the professional one. At the time of such realization both respondent and the client believed they would win the appeal and that the need for the respondent to provide additional legal services to the client was at an end.

Contrary to such expectations, on September 19, 1996, the Court of Appeals issued its opinion and remanded the case to the trial court for further findings regarding the husband's interest, if any, in the increase in value of the client's house. Shortly thereafter, the client received discovery from the husband's attorney requesting disclosure of additional financial information. The client favored resolving the case on remand in such a way as to avoid the need to respond to this discovery. Respondent suggested filing a motion with the trial court seeking clarification as a means of avoiding another hearing at the trial level, and he believed he could continue to represent the client for the limited purpose of filing such a motion. The client agreed to respondent's continuing representation in a limited capacity.

Notwithstanding the court of appeal's remand and the obvious need for the client to be further represented in formal proceedings, on September 22, 1996, the relationship between respondent and the client became sexual. Thereafter, respondent prepared and filed a motion on his client's behalf, with her knowledge and consent, asking the trial court to clarify its earlier ruling in an effort to forestall discovery or more intensive court proceedings. During the briefing upon the motion for clarification, respondent took steps to involve Guy Greenstein as trial counsel and Jean Dubofsky as appellate counsel, in anticipation that more intensive attorney involvement might be necessary. However, no other counsel entered their appearance, nor did respondent file a motion to withdraw.

In early November 1996, following respondent's filing a motion and reply regarding the clarification request, the trial court issued an order clarifying that it was the court's intent that the increase in value of the house belonged to the client. In December 1996, the husband appealed the trial court's clarification ruling. From the time the Court of Appeals' decision was announced, including the period during which the motion for clarification was considered, prepared, filed, briefed, and ruled upon, respondent and the client were engaged in a sexual relationship.

In early January 1997, respondent told the client he no longer wanted to have an intimate relationship. By late January 1997, respondent withdrew as counsel for wife and Jean Dubofsky entered her appearance as appellate counsel on behalf of the client. The client entered a *pro se* appearance at the trial court level. Thereafter, the client filed a Request for Investigation with the Office of Disciplinary Counsel.

### III. CONCLUSIONS OF LAW

Respondent is an attorney duly licensed to practice law in Colorado and is currently registered under attorney registration no. 04264. Respondent is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

The people charged respondent with a violation of Colo. RPC 1.4(b)(failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation) premised upon his failure to consult with and explain his decision not to seek clarification of the trial court's earliest ruling on the husband's and wife's division of marital property. The evidence established that when respondent reviewed the trial court's findings and order at the conclusion of trial in May 1995, he concluded that the trial court had adequately addressed the issue of the increase in value of the client's house. Because the trial court's findings were favorable to his client, he decided against seeking further clarification from the trial court. He did not advise the client about his decision, nor did he discuss with the client the dis-

agreement he had with opposing counsel regarding the interpretation of the trial court's findings and order.

E. Michael Canges, respondent's expert, offered testimony that respondent chose the best course of action in not seeking further clarification, and that respondent was not obligated to discuss the decision with the client because the decision was tactical and strategic. The People did not refute this testimony. Canges' testimony is in accord with the comments to Colo. RPC 1.4(b). The comment to Colo. RPC 1.4(b) provides, in part:

> In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that might injure or coerce others. On the other hand, a lawyer ordinarily cannot be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer would fulfill reasonable client expectations for information consistent with the duty to act in the client's best interest, and the client's overall requirements as to the character of representation.

*Cf. Schleiger v. Schleiger*, 137 Colo. 279, 324 P.2d 370, 373 (1958) (holding that it was within the scope of trial counsel's employment to try the case as his best judgment dictated, and his client is bound by the course of procedure adopted in the trial of the case); *Wilson v. Calder*, 518 P.2d 952, 954 (Colo.App.1973)(holding that the choice of litigation procedures lies within the scope of an attorney's implied authority, and with regard to such matters the client is bound by the attorney's actions). Accordingly, the court and hearing board find that the People failed to establish by clear and convincing evidence that respondent's conduct violates Colo. RPC 1.4(b).

■ Respondent represented the client in her divorce proceeding from April 1994 through a portion of January 1997. Approximately fifteen months after the heat of battle in the trial court, and while the matter was on appeal awaiting the Court of Appeals'

decision, the attorney/client relationship transformed into a romantic and then to an intimate relationship. Respondent believed that at the point he became romantically involved with the client, he was "out of the case" since he had completed oral argument and was confident the appellate court would affirm the trial court ruling. Subsequently, when the matter was remanded for further proceedings, having discussed his concerns with the client, respondent believed that he would not be violating the Rules of Professional Conduct by remaining as counsel of record for the limited purpose of filing a motion to clarify the court's prior rulings. The evidence established that respondent believed that by remaining in the case he was acting in the client's best interests because he would save her the added expense of acquainting new counsel with the case, and that he believed he could resolve the matter quickly and efficiently. The evidence further established that respondent and his client, however, realized that he could not and would not appear on her behalf if an evidentiary hearing was required on the remand. Respondent commenced a sexual relationship with the client in September, and was involved with her at the time he filed the motion and reply seeking clarification. Although he took steps to find substitute counsel, at no time prior to the end of the intimate relationship did he file a motion to withdraw as counsel of record.

By becoming sexually involved with the client, respondent violated Colo. RPC 1.7(b).[1] In *People v. Boyer*, 934 P.2d 1361, 1363 (Colo.1997), the attorney stipulated to, *inter alia*, violations of the prior Code of Professional Responsibility rules DR1–102(A)(6) and DR5–101(A), for sexual misconduct with two women clients who consented to intercourse. The Supreme Court stated:

> . . . we have clearly held in the past and here reaffirm that a sexual relationship between a lawyer and client during the course of the professional relationship is inherently and insidiously harmful. The relationship can undermine the lawyer's

---

1. Colo. RPC 1.7(b) provides in relevant part:
   A lawyer shall not represent a client if the representation of that client may be materially

limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests.

integrity and judgment and dishonor the client's trust.

Under *Boyer, supra,* where the attorney engages in a sexual relationship with a client during the course of the representation, the relationship is deemed to be harmful. The conflict created between personal desire for and fiduciary obligations to the attorney's client carries a risk too great to survive objective scrutiny and is in only the rarest of circumstances subject to justification.[2] When involved in a sexual relationship with a client an attorney can, only in the rarest of situations, avoid losing the objectivity to put the client's interests separate from his or her own interests. *See* ABA Formal Opinion 92–364 (July 6, 1992)(providing that among the risks to the attorney-client relationship that may result from sexual relations is the possibility that the lawyer will be subject to a conflict of interest).

Respondent argued that in order to find a violation of Colo. RPC 1.7(b), the hearing board must find that respondent's conduct materially limited his professional representation of the client. The evidence established such a material limitation in this case. Respondent acknowledged that after reviewing the Court of Appeals' decision he limited his further representation of the client to *only* filing a motion to clarify the trial court's earlier ruling. Respondent and his client agreed that he could not appear in an evidentiary hearing on her behalf.[3] By so doing, the scope of his further representation of the client became materially limited. Respondent's belief that the case was over after the oral argument before the Court of Appeals provides no relief for the respondent's conduct in this case. The test is objective, not subjective. Until the case was in fact concluded, respondent continued to be the client's attorney and was obligated to stand

prepared to render the full range of his legal capabilities should the need arise. He failed to do so.

Respondent's conduct also violated Colo. RPC 1.16(a)(1).[4] While engaged in an ongoing sexual relationship with his client and knowing that continued representation of the client's interests required argument on her behalf before the trial court, respondent failed to seek leave to withdraw. Respondent's failure to withdraw under such circumstances constituted a separate violation of the Rules of Professional Conduct. *See Boyer,* 934 P.2d at 1363; *People v. Barr,* 929 P.2d 1325, 1326 (Colo.1996)(holding that the respondent attorney violated Colo. RPC 1.7(b), Colo. RPC 1.16(a)(1) and Colo. RPC 8.4(h) by engaging in sexual intercourse on one occasion with a client who retained the attorney to represent her in dissolution of marriage proceeding); *People v. Good,* 893 P.2d 101, 104 (Colo.1995)(holding that a sexual relationship between a lawyer and a client, will, at a minimum, almost always violate the rules prohibiting lawyers from engaging in conduct adversely reflecting on the lawyer's fitness to practice law). Although no evidence was presented to the hearing board from which it could find by a clear and convincing standard that actual injury or harm as envisioned by the rules had in fact been suffered by the client, the potential for harm is manifest and is established as a matter of law. *Boyer,* 934 P.2d at 1363.

By violating Colo. RPC 1.7(b) and Colo. RPC 1.16(a), respondent's conduct also violated Colo. RPC 8.4(a)(violation of the Rules of Professional Conduct) and, under the circumstances of this case, Colo. RPC 8.4(h)(engaging in conduct that adversely reflects on respondent's fitness to practice law). *See People v. Easley,* 956 P.2d 1257, 1259 (Colo. 1998); *Good,* 893 P.2d at 104; *People v.*

---

**2.** The People acknowledged that under extremely rare situations, such as an attorney wife representing her husband, sexual involvement between attorney and client might not be a violation of Colo. RPC 1.7(b).

**3.** The nature of the conflict which arises when an attorney/client relationship is transformed into a sexually intimate relationship is not subject to waiver. Colo. RPC 1.7(b)(2) and 1.7(c); *compare Boyer,* 934 P.2d at 1362.

**4.** Colo. RPC 1.16(a)(1) provides in relevant part:

... a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if;(1) the representation will result in a violation of the rules of professional conduct or other law.

*Zeilinger,* 814 P.2d 808, 809 (Colo.1991)(finding a violation of Colo. RPC 8.4(h) where attorney engaged in a sexual relationship with a client).

## IV. SANCTIONS/IMPOSITION OF DISCIPLINE

It was established by clear and convincing evidence that respondent engaged in a sexual relationship with his client for approximately three months while their attorney/client relationship continued. Such conduct violated Colo. RPC 1.7(b), Colo. RPC 1.16(a)(1), Colo. RPC 8.4(a) and Colo. RPC 8.4(h).

The People requested that the hearing board impose a suspension from the practice of law from thirty to sixty days. ABA *Standards For Imposing Lawyer Sanctions* ("ABA *Standards*") (1991 & Supp.1992) 7.2 provides that:

> Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.

Prior to the decision in *Boyer, supra,* the court assessed a sanction of public censure for an attorney's engaging in a sexual relationship in the course of representation. *See Zeilinger,* 814 P.2d at 809. The holding in *Boyer* made clear that absent unusual circumstances, suspension is the presumed sanction. *Boyer* 934 P.2d at 1363 (attorney suspended for one-hundred and eighty days for misconduct including sexual relationships with two clients); *Easley,* 956 P.2d at 1259 (suspending the attorney for a period of sixty days for misconduct including engaging in a one-night sexual relationship with a client).

The hearing board considered the following ABA *Standards* as factors in mitigation: absence of a prior disciplinary record, *see id.* at 9.32(a); personal and emotional problems, *see id.* at 9.32(c); full and free disclosure to the disciplinary board or cooperative attitude toward proceedings; *see id.* at 9.32(e), re-

morse, *see id.* at 9.32(*l* ), and an established reputation as being a highly competent and well respected member of both the profession and the community; *see id.* at 9.32(g). In aggravation, the hearing board found that the respondent had substantial experience in the practice of law; *see id.* at 9.22(i), and that the conduct reflected a selfish motive, *see id.* at 9.22(b).

Although respondent's conduct is considered misconduct warranting suspension from the practice of law, the hearing board finds that under the circumstances of this case respondent's conduct warrants suspension for a period of thirty days, with the thirty-day suspension period stayed on the condition that respondent comply with the conditions set forth below.

The facts of this case do not warrant a longer suspension. The cases cited above which impose a sixty to one-hundred and eighty day suspension concern respondents who had a prior history of misconduct, or who were found to have engaged in other misconduct. In this case, it is a sufficient sanction that respondent, a thirty-year practitioner and a well respected attorney in the community, will have this suspension on his record for the remaining years of his professional career. Moreover, the intimate relationship at issue in this matter occurred between two mature attorneys of significant professional experience. It occurred when the case had been appealed and respondent incorrectly believed that his representation of the client was at an end. The respondent discussed his concern about a possible violation of the Rules of Professional Conduct with the client, herself an experienced attorney, on more than one occasion. This was not predatory behavior on respondent's part, nor, under the evidence presented in this matter, the result of undue influence by the attorney. The relationship was both knowing and consensual, and although consent is not a defense to a violation of Colo. RPC 1.7(b), the hearing board considers it a factor in determining the severity of the sanction.[5]

5. During the course of trial the court provided notice to Regulation Counsel pursuant to C.R.C.P. 251.4 that the conduct of the client (who is also an attorney) may constitute a viola-

tion of Colo. RPC. 8.4(a) and (h) by knowingly assisting respondent to violate the Rules of Professional Conduct.

Within six months from the date of this Order, respondent shall file a certificate of compliance with Regulation Counsel and the Presiding Disciplinary Judge indicating completion of the following terms and conditions:

1. Respondent shall attend the one-day Ethics program sponsored by the Office of Attorney Regulation Counsel;
2. Respondent shall pay the costs of this proceeding. The People shall file a Statement of Costs within ten(10) days of the date of this Order, and respondent shall have five (5) days thereafter to file a response thereto.
3. Respondent shall have no further violations of the Rules of Professional Conduct within one year from the date of this Order.

### V. ORDER

1. Respondent's Motion to Dismiss pursuant to C.R.C.P. 50 as to violations of Colo. RPC 1.4(b) is GRANTED and as to Colo. RPC 1.16(a)(1) is DENIED.
2. By engaging in a sexual relationship with a client, respondent violated Colo. RPC 1.7(b), Colo. RPC 1.16(a)(1), Colo. RPC 8.4(a) and Colo. RPC 8.4(h), and is suspended for a period of thirty days, thirty days of which shall be stayed pending respondent's compliance with the requirements set forth above.
3. The sanction imposed shall become effective thirty-one (31) days from the date of this Order pursuant to C.R.C.P.251.28(a).
4. In the event the respondent fails to file the required certificate of compliance within six months from the date of this Order, the stay of the thirty day suspension shall be automatically withdrawn and the suspension shall be imposed beginning six months and ten (10) days following the entry of this Order.

### ORDER

The Court, having reviewed respondent's Motion for Post–Trial Relief filed May 4, 1999, and being fully apprised of the issues at bar, Finds and Rules as follows:

In his Motion, Respondent requests that the court amend the Findings of Fact, Conclusions of Law and Imposition of Sanctions dated April 23, 1999 to (1) extend the compliance date before which respondent must complete the one-day Ethics program sponsored by the Office of Attorney Regulation Counsel, and (2) clarify the third condition on p. 11 of the Order changing the verb "have" to the verb "commit". Respondent further represents that the People have no objection to these amendments.

Accordingly, respondent's Motion for Post Trial Relief is GRANTED. The Findings of Fact, Conclusions of Law and Imposition of Sanctions, p. 11, is herein AMENDED as follows:

On or before November 20, 1999, respondent shall file a certificate of compliance with Regulation Counsel and the Presiding Disciplinary Judge indicating completion of the following terms and conditions:

1. Respondent shall attend the one-day Ethics program sponsored by the Office of Attorney Regulation on or before November 20, 1999;
2. Respondent shall commit no further violations of the Rules of Professional Conduct within one year from the date of the April 23, 1999 Order.

All other provisions of the Findings of Fact, Conclusions of Law and Imposition of Sanctions issued April 23, 1999 remain in full force and effect.